IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 11-cv-02864-RPM-MEH

ASHLEY JOHNSON,

    Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC.,
a Kansas corporation,

    Defendant.
_____

ORDER ON MOTION FOR ATTORNEY'S FEES
_____

After the Clerk entered judgment for the plaintiff Ashley Johnson in the amount of $1,001.00 pursuant to an accepted offer of judgment in accordance with F.R.Civ.P. 68, the plaintiff filed a motion for attorney's fees under 15 U.S.C. § 1692k(a)(3). David M. Larson submitted his affidavit to support a claim for $3,480.00 based on 11.6 hours at the rate of $300.00 per hour. The defendant filed a response opposing both the hourly rate, the time claimed for the services identified and the inclusion of time that was expended on clerical and administrative tasks.

The plaintiff filed a reply, challenging contentions made without a factual basis and explaining that his expertise developed in resolving or litigating over 1,300 FDCPA cases for plaintiffs in this district court.

The defendant in its notice of supplemental authority submitted copies of awards of $2,000.00 made by Judge Kane in actions against this same defendant filed by Mr. Larson and an award of $2,175.00 by Magistrate Judge Hegarty on February 10, 2012, for Mr. Larson's representation of another plaintiff suing Midland Credit Management, Inc. These orders applied

a $250.00 hourly rate and reduced the hours claims, concluding that time spent on administrative tasks should not be compensable at attorney's rates.

It is well established by many court decisions that in enacting the FDCPA Congress expected that enforcement of its prohibitions would be achieved by private attorneys who can expect an award of a reasonable fee for their services which should not be proportionate to the $1,000.00 statutory damages available to the plaintiffs.

It is clear that David Larson has developed a specialized practice pursuing FDCPA claims and has apparently achieved a proficiency that must be recognized in determining an allowable hourly rate in the required lodestar analysis of the fee request.  Because of the relatively small amount at issue in this case, there is a temptation to enter a conclusory order without a further hearing, adopting the results from the cases decided by other judges in this court.  A full and fair adjudication of the issues is within the entitlement of the parties.  That would require an evidentiary hearing at which Mr. Larson would be expected to support his claim, explaining the manner in which he uses support staff in the investigation and processing of his clients' claims, the use of standardized forms of pleading and the conduct of settlement negotiations.  Because that type of hearing will require additional time and expense which may not be warranted by the amount involved, the parties should be given the option of accepting an amount consistent with the other cases already decided.  Accordingly, it is

ORDERED, that a presumptive award of attorney's fees in the amount of $2,250.00 will be entered on March 20, 2012, unless on or before March 15, 2012, either party files a request for an evidentiary hearing.

DATED:   February 27, 2012

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge